IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |  | |
|---|---|---|---|
| **NAPOLEON GRAY,** | : | | |
| | : | | |
| Petitioner, | : | | |
| | : | NO. 5:22-CV-00217-MTT-CHW | |
| VS. | : | | |
| | : | | |
| **STATE OF GEORGIA,** | : | | |
| | : | | |
| Respondent. | : | | |
| _____ | : | | |

## ORDER

*Pro se* Petitioner Napoleon Gray has filed this petition for a writ of habeas corpus. ECF No. 1. Petitioner is not currently incarcerated but indicates that he is on probation for a felony conviction out of Houston County Superior Court of which he pled guilty on April 7, 2022. *Id*. at 1 and 7. Petitioner complains that his current conviction violates the double jeopardy clause of the Constitution. *Id*. at 5 and 7. Petitioner states that he "want[s] off State of Georgia probation". *Id*. at 15.

Petitioner did not pay the filing fee or file a non-prisoner motion to proceed without the prepayment of the filing fee. Accordingly, Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required $5.00 filing fee or file a motion to proceed *in forma pauperis*. The Clerk is **DIRECTED** to mail Petitioner a copy of the standard motion to proceed without prepayment of fees for non-prisoners, marked with the case number for the above-captioned action, for this purpose.

At this time, Petitioner is also advised that his petition is subject to the exhaustion doctrine. *See* 28 U.S.C. § 2254(b); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92 (1973) (exhaustion necessary under § 2241 and § 2254). In other words, Petitioner is required to exhaust all available state remedies before he may go forward with this action in federal court. *See Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). A prisoner generally "cannot satisfy the exhaustion requirement if . . . he has failed to avail himself of 'any available procedure' by which he has the right to raise his claim in state court." *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (per curiam).

When asked within the standard form about any prior petitions, motions or appeals filed by the Petitioner regarding this conviction, Petitioner has indicated that he has filed no post-judgment pleadings. *See* ECF No. 1 at 2-7 and 9-12. Hence appears Petitioner has not fully exhausted his state court remedies. Petitioner is thus **ORDERED** to supplement his Petition and address more specifically any petitions, motions to withdraw his guilty plea, or appeals that he has filed in the Houston County Superior Court or any State of Georgia court regarding his April 4, 2022 conviction. ***If Petitioner has not filed any petitions, motions, or appeals within the state courts regarding this conviction then he has not yet exhausted his state remedies and this petition is subject to dismissal by the Court.*** *See Gore*, 720 F.3d at 815 (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

If Petitioner does not wish to now pursue federal habeas relief so that he can undertake and exhaust his state remedies, he should notify the Court of this and/or withdraw his petition via a motion for voluntary dismissal within **FOURTEEN (14) DAYS** of the date shown on this Order.

If Petitioner wishes to proceed with this federal habeas petition then Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) pay the required $5.00 filing fee or submit a motion for leave to proceed *in forma pauperis* on the form provided by the Court and (2) supplement his Petition to include information regarding the exhaustion requirement.  Petitioners supplemental pleading should be comprised of no more than five pages unless it also includes a state court pleading or order in any post-conviction proceedings.  Petitioner should also keep the Court advised of any change of address.  **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.**

There will be no service of process in this case until further order.

**SO ORDERED**, this 8th day of July, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
